UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GERALD THOMPSON,

    Plaintiff,

v.

WARDEN ERDOS, et al.,

    Defendants.

Case No. 1:16-cv-812

Dlott, J.
Bowman, M.J.

## MEMORANDUM OPINION AND ORDER

Plaintiff, an incarcerated individual who proceeds *pro se*, tendered a new complaint against multiple defendants on August 4, 2016,[1] which was procedurally deficient due to Plaintiff's failure to pay the requisite filing fee or an application to proceed without payment of fees. Plaintiff thereafter corrected that deficiency. On November 29, 2016, the undersigned entered an Order that granted Plaintiff's motion to proceed *in forma pauperis* against some of the identified Defendants, while recommending dismissal of many of Plaintiff's claims and defendants.

Specifically, in an Order and Report and Recommendation ("R&R"), the undersigned concluded that Plaintiff's

> Eighth Amendment claims may proceed against defendant Tackett based on plaintiff's allegation that Tackett forced him to perform sexual acts on May 6, 2016 and used excess force against him on June 7, 2016. Plaintiff has also stated a plausible excessive force claim against defendant Payne, based on his allegation that Payne [twice] assaulted him with mace [while Plaintiff was in the residential treatment unit]. Plaintiff's failure to protect claim against defendants Cool and Davis, based on their alleged failure to provide him with protective custody, is deserving of further

---

[1] The Court takes judicial notice of the fact that Plaintiff has filed two other civil rights cases, both of which remain pending: Civil Case 1:14-cv-935, and Case No. 1:15-cv-553. Plaintiff also has filed a petition for writ of habeas corpus, which was recently transferred to the Northern District of Ohio, Case No. 1:16-cv-409.

> development and may also proceed at this juncture. See 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). Finally, plaintiff may proceed with his retaliation and Eighth Amendments claims against Dillow and Sears, based on his allegations in the amended complaint that Dillow deployed a large can of mace in his face and that Sears subsequently denied plaintiff a decontamination shower [on September 22, 2016] in retaliation for filing civil rights complaints.

(Doc. 11 at 7-8; PageID 95-96).[2] The Order permitting Plaintiff to proceed on the above-referenced claims was conditioned upon Plaintiff providing service copies of his complaint, U.S. Marshal forms, and summons forms.

Plaintiff filed a motion to amend his complaint and prayer for injunctive relief on October 5, 2016, shortly before initial screening of his original complaint. (Doc. 8). In the November 29, 2016 Order and R&R, the undersigned granted that motion. A duplicate "Amended Complaint" was filed by Plaintiff on December 30, 2016. (Doc. 15).

Plaintiff complied with the Court's November 29 Order by providing the requisite forms for service on December 16 and 19, 2016. Thereafter, the undersigned directed service on the Defendants with respect to the claims authorized by the R&R. (Doc. 16). However, Plaintiff also filed objections to the Order and Report and Recommendation, which remain pending before the presiding district judge.

In the meantime, Plaintiff has filed multiple motions seeking various forms of relief from this Court. Two non-dispositive motions are addressed herein, with dispositive motions addressed by separate R&R. As a whole, Plaintiff's multiple motions – like his various complaints and amendments thereto[3] - are rambling and

---

[2]The claims permitted to proceed in this action bear more than a passing resemblance to claims asserted in Plaintiff's prior two cases. *See e.g.*, Case No. 1:15-cv-553 (Doc. 13, permitting failure to protect claim against Defendants Cool and Davis).
[3]Considering this is the third civil rights action filed by Plaintiff assigned to the undersigned magistrate

2

difficult to follow. At the same time, some of Plaintiff's allegations are extremely serious, including but not limited to allegations that he has been subjected to repeated sexual assaults. Because the facts remain unclear,[4] the undersigned has concluded in each of the three pending cases that further development of some claims is required.

### Motion For Appointment of Counsel (Doc. 5)

Plaintiff's motion for the appointment of counsel will be denied based upon the general principle that civil litigants have no constitutional right to the appointment of counsel at government expense. *See Anderson v. Sheppard*, 856 F.2d 741 (6th Cir. 1988). The instant case simply does not present the type of "exceptional circumstances" that would justify the rare appointment of free counsel for a *pro se* civil litigant. *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993). A portion of the Plaintiff's motion appears to seek counsel for his pending writ of habeas corpus and/or to file a successive petition; however, Plaintiff also is not entitled to the appointment of counsel to pursue those unrelated claims.

### Motion to Show Cause (Doc. 7)

Plaintiff has filed a "motion to show cause," which like many of the documents filed by Plaintiff, is somewhat difficult to follow. It appears that Plaintiff is seeking an order from this Court requiring the Defendants to "show cause" for some of the

---

judge, the undersigned has gained some familiarity with Plaintiff. From the outset of his first-filed complaint, the undersigned has noted that his pleadings are "rambling and extremely difficult to follow." (Doc. 11 at 3 in Case No. 1:15-cv-935, PageID 99). Regrettably, Plaintiff's additional court experience has not improved the clarity of his difficult-to-decipher motions and pleadings.

[4]In addition to the rambling and sometimes incoherent nature of the allegations, some of the conduct alleged is so outrageous that the Court must at least entertain the idea that Plaintiff (who acknowledges a history of mental health treatment) may be delusional. However, allegations involving outrageous conduct by prison guards, including but not limited to extreme violence or repeated sexual assaults, generally are not subject to dismissal on initial screening as wholly incredible.

allegations underlying Plaintiff's complaint, and also permitting Plaintiff discovery on his claims. Plaintiff argues he requires the Court's assistance in part because he does not have defense counsel's address.

At the time Plaintiff filed this motion, he had yet to comply with the Court's instructions and Defendants had not yet been served. Although Defendants have recently been served, their time for filing a response to the complaint has not yet expired, and therefore defense counsel has not yet entered an appearance. Once Defendants file an Answer or response, Plaintiff will have counsel's address. However, no discovery can commence until this Court enters a scheduling order. At present, Plaintiff's motion is premature. However, even after the entry of a scheduling order, the Court notes that discovery requests are not to be filed of record. Fed. R. Civ. P. 5(d). Instead, Plaintiff should serve the Defendant directly with such requests; intervention of this Court is neither required nor permitted in most instances. *See* S.D. Ohio Civ. Local Rules 5.4 and 37.2.[5]

Accordingly, **IT IS ORDERED THAT:**

1. Plaintiff's motion to appoint counsel (Doc. 5) is **DENIED**;

2. Plaintiff's motion for to show cause (Doc. 7) is also **DENIED**;

    .

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[5] Plaintiff has been similarly advised of the same procedural rules in both Case Nos. 1:13-cv-935 and 1:15-cv-553. In fact, the Court has previously struck from the record some of Plaintiff's improperly filed discovery requests in those cases. See, e.g. Docs. 39, 42 in Case No. 1:15-cv-553.