UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GERALD THOMPSON,

    Plaintiff,

v.

WARDEN ERDOS, et al.,

    Defendants.

Case No. 1:16-cv-812

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an incarcerated individual who proceeds *pro se*, tendered a new complaint against multiple defendants on August 4, 2016,[1] which was procedurally deficient due to Plaintiff's failure to pay the requisite filing fee or an application to proceed without payment of fees. Plaintiff thereafter corrected that deficiency. On November 29, 2016, the undersigned entered an Order that granted Plaintiff's motion to proceed *in forma pauperis* against some of the identified Defendants, while recommending dismissal of many of Plaintiff's claims and defendants.

**I.    Background of Claims Presented in this and prior lawsuits**

Specifically, in an Order and Report and Recommendation ("R&R"), the undersigned concluded that Plaintiff's

> Eighth Amendment claims may proceed against defendant Tackett based on plaintiff's allegation that Tackett forced him to perform sexual acts on May 6, 2016 and used excess force against him on June 7, 2016. Plaintiff has also stated a plausible excessive force claim against defendant Payne, based on his allegation that Payne [twice] assaulted him with mace [while Plaintiff was in the residential treatment unit]. Plaintiff's failure

---

[1] The Court takes judicial notice of the fact that Plaintiff has filed two prior civil rights cases concerning his conditions of confinement: Civil Case 1:14-cv-935, and Case No. 1:15-cv-553. Plaintiff also has filed a petition for writ of habeas corpus, which was recently transferred to the Northern District of Ohio, Case No. 1:16-cv-409.

> to protect claim against defendants Cool and Davis, based on their alleged failure to provide him with protective custody, is deserving of further development and may also proceed at this juncture. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). Finally, plaintiff may proceed with his retaliation and Eighth Amendments claims against Dillow and Sears, based on his allegations in the amended complaint that Dillow deployed a large can of mace in his face and that Sears subsequently denied plaintiff a decontamination shower [on September 22, 2016] in retaliation for filing civil rights complaints.

(Doc. 11 at 7-8; PageID 95-96).[2] The Order permitting Plaintiff to proceed on the above-referenced claims was conditioned upon Plaintiff providing service copies of his complaint, U.S. Marshal forms, and summons forms.

Plaintiff filed a motion to amend his complaint and prayer for injunctive relief on October 5, 2016, shortly before initial screening of his original complaint. (Doc. 8). In the November 29, 2016 Order and R&R, the undersigned granted that motion. A duplicate "Amended Complaint" was filed by Plaintiff on December 30, 2016. (Doc. 15).

Plaintiff complied with the Court's November 29 Order by providing the requisite forms for service on December 16 and 19, 2016. Thereafter, the undersigned directed service on the Defendants with respect to the claims authorized by the R&R. (Doc. 16). However, Plaintiff also filed objections to the Order and Report and Recommendation, which remain pending before the presiding district judge.

In the meantime, Plaintiff has filed multiple motions and other documents seeking various forms of relief from this Court. Plaintiff has filed similar motions (and in one case exactly the same motion) at a similar pace in his other two simultaneously

---

[2]The claims permitted to proceed in this action bear more than a passing resemblance to claims asserted in Plaintiff's prior two cases. *See e.g.*, Case No. 1:15-cv-553 (Doc. 13, permitting failure to protect claim against Defendants Cool and Davis; *see also* Doc. 23, dismissing claims against certain defendants for their alleged "big dog/pet cannibal dehumanizing practices").

2

proceeding civil rights cases. Four dispositive motions – all of which seek a form of preliminary injunctive relief - are addressed herein: (1) motion for injunction (Doc. 6); (2) prayer for injunction relief (Doc. 9); (3) Motion for injunction relief (Doc. 12); and (4) motion to place addendum to All Above Listed Cases (Doc. 14).

As a whole, Plaintiff's multiple motions – like his various complaints and amendments thereto[3] - are rambling and difficult to follow. At the same time, some of Plaintiff's allegations are extremely serious, including but not limited to allegations that he has been subjected to repeated sexual assaults. Because the facts remain unclear,[4] the undersigned has concluded in each of the three pending cases that further development of some claims is required.

## II. Analysis of Motions for Preliminary Injunctive Relief

As he has in the above-captioned case, in both Case Nos. 1:14-cv-935 and 1:15-cv-553, Plaintiff filed multiple motions seeking preliminary injunctive relief and to amend his complaint. Several of Plaintiff's current motions for preliminary injunctive relief appear to include new allegations not included in his prior complaint or first amended complaint. Despite the differences among Plaintiff's three cases, the Court's prior analysis holds true with respect to Plaintiff's attempts to continually add new claims to his current complaint:

---

[3]Considering this is the third civil rights action filed by Plaintiff assigned to the undersigned magistrate judge, the undersigned has gained some familiarity with Plaintiff. From the outset of his first-filed complaint, the undersigned has noted that his pleadings are "rambling and extremely difficult to follow." (Doc. 11 at 3 in Case No. 1:15-cv-935, PageID 99). Regrettably, Plaintiff's additional court experience has not improved the clarity of his difficult-to-decipher motions and pleadings.

[4]In addition to the rambling and sometimes incoherent nature of the allegations, some of the conduct alleged is so outrageous that the Court must at least entertain the idea that Plaintiff (who acknowledges a history of mental health treatment) may be delusional. However, allegations involving outrageous conduct by prison guards, including but not limited to extreme violence or repeated sexual assaults, generally are not subject to dismissal on initial screening as wholly incredible.

> As an initial matter, …plaintiff [should] not be allowed to supplement the complaint, which he has already been permitted to amend once as a matter of course, with both the pleadings that were filed on January 26, 2015 and February 17, 2015 and any further supplements to the complaint that he may later seek to file in this action. To the extent that plaintiff has alleged the same claims that were previously asserted in the pro se complaint, as amended by the subsequent pleading filed on December 22, 2014, the undersigned has already addressed those claims in the January 9, 2015 Order and Report and Recommendation that is currently pending before the District Court judge. Moreover, plaintiff should not be permitted to continue to add to his complaint, creating new causes of action against new defendants, after having once been allowed to do so and after issuance of the undersigned's January 9, 2015 Order and Report and Recommendation and service of process on the claims against defendants Henderson and Russ that have been allowed to proceed.

(Doc. 21 in Case No. 1:14-cv-935). Just as the Court observed in Plaintiff's prior cases, in the instant case, Plaintiff has already been permitted to amend his complaint once. Any attempts to include new claims or to further amend his previously amended complaint through motions for preliminary injunctive relief are procedurally improper. (*See also* Doc. 21 in Case No. 1:15-cv-553 (permitting one amendment in light of *LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013), but not permitting additional supplemental or amended complaints until/unless the defendants were provided an opportunity to respond).

A portion of this Court's analysis denying prior motions seeking preliminary injunctive relief filed by Plaintiff in another case is restated in full below, because it is equally relevant to this case. In the instant case, Plaintiff's motions again seek an order transferring him to protective custody, and at least one of the motions seeks medical care for a recent alleged injury. Likewise, in Civil Case No. 1:15-cv-553, Plaintiff also sought protective custody and for immediate medical care. The undersigned wrote:

> Plaintiff's motion seeks injunction relief and purportedly requests to be

4

released from solitary confinement. Plaintiff also complains about his treatment by other inmates regarding his religious practices. Plaintiff requests to be placed in protective custody.

On December 14, 2015, Plaintiff filed an additional motion for injunctive relief, therein requested immediate placement protective custody "due to . . . threats of assaults/excessive force and the actual assaults." (Doc. 14). Plaintiff appears to assert that he is in danger from other inmates because employees at SOCF gave inmates details regarding his case, which included murdering his wife.

Last, Plaintiff filed another motion for injunctive relief on January 22, 2016. (Doc. 16). Plaintiff again requested to be placed in protective custody because of threats and alleged assaults from other inmates and SOCF employees due to rumors related to the murder of his wife.

Upon careful review, the undersigned herein recommends that Plaintiff's motions be denied.

II.  Plaintiff's Motions are not Well-Taken

In determining whether to issue a temporary restraining order and/or preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Ratcliff v. Moore*, 614 F.Supp.2d 880 (S.D.Ohio 2009) (citing *U.S. v. Bayshore Associates, Inc.*, 934 F.2d 1391, 1398 (6th Cir.1991)).

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). Thus, to establish a substantial likelihood of success on his Eighth Amendment claim against

5

> defendants, Plaintiff must present evidence showing that defendants are deliberately indifferent to a known risk of harm to Plaintiff. Farmer, 511 U.S. at 825. See also Woods v. Lecureux, 110 F.3d 1215, 1222 (6th Cir.1997); Gibson v. Foltz, 963 F.2d 851, 853 (6th Cir.1992); Marsh v. Arn, 937 F.2d 1056, 1060–61 (6th Cir.1991); Walker v. Norris, 917 F.2d 1449, 1453–54 (6th Cir.1990). A prison official may be held liable for his failure to protect inmates from attacks by other inmates only if he knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847. Prison officials must exhibit more than a lack of due care for a prisoner's safety before an Eighth Amendment violation will be found. Id. at 835; Gibson, 963 F.2d at 853. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. It is not enough that the official "should" have perceived a significant risk, but did not. Id.
> 
> The undersigned finds that Plaintiff has not alleged facts sufficient to warrant a temporary restraining order or a preliminary injunction. Plaintiff has not alleged facts indicating a substantial likelihood of success on the merits of his constitutional claims, and he has not alleged facts showing that he will suffer irreparable harm absent a preliminary injunction. Although Plaintiff alleges a general threat to his safety as a result of Defendants alleged dissemination of the details of his underlying crime, he fails to provide specific facts in support of his claims. Instead, his motions contain conclusory allegations and general complaints. As such, he fails to establish that a substantial risk of harm in fact exists. Farmer, 511 U.S. at 847.
> 
> In addition, an injunction is also not warranted in this case because the purpose of a preliminary injunction, to preserve the status quo until a trial on the merits can be held, would not be served. See Southern Milk Sales, Inc. v. Martin, 924 F.2d 98, 102 (6th Cir.1991). The present status quo in this case is, according to Plaintiff, that he has suffered numerous violations of his constitutional rights. The remedy Plaintiff presently seeks is more than an injunction maintaining the status quo; he seeks an Order from this Court requiring Defendants to affirmatively correct constitutional deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. Id.

(Doc. 26 in Case No. 1:15-cv-553, R&R filed March 7, 2016). Again, the above analysis applies with equal force to Plaintiff's motions for preliminary injunctive relief in this case.

Following the dismissal of Plaintiff's interlocutory appeal to the Sixth Circuit in

6

Case No. 1:15-cv-553, the presiding district judge adopted the R&R denying Plaintiff's prior motions for preliminary injunctive relief.  The Court acknowledged several additional claims made by Plaintiff in his objections, but nevertheless found preliminary injunctive relief to be inappropriate:

> In addition to the retaliation he has suffered at the hands of inmates, Plaintiff describes retaliation by correctional officers in the form of denying him protective custody. Plaintiff also states that the assaults by the correctional officers "are too rapid to count." (Doc. 31, PAGEID #273).
>
> As to the failure to deny Plaintiff protective control, this Court cannot "freely substitute [its] judgment for that of officials who have made a considered choice." *Whitley v. Albers*, 475 U.S. 312, 322, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Plaintiff has failed to show he will suffer irreparable harm in the absence of an immediate injunction in this case given his current placement. As to the assaults which are "too rapid to count," the Court finds that these allegations do not support the issuance of injunctive relief.
>
> Moreover, as the Magistrate Judge explained, the remedy Plaintiff seeks is more than an injunction maintaining the status quo: he seeks an Order from this Court requiring Defendants to affirmatively correct constitutional deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See* 18 U.S.C. § 3626(a)(2) ("In any civil action with respect to prison conditions . . . [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.").

(Doc. 51 in Case No. 1:15-cv-553).

Plaintiff filed similar (multiple) motions to amend his complaint and for preliminary injunctive relief in Case No. 1:14-cv-935, all of which were denied on similar grounds. *See also* Docs 11 and 21 (Doc. 11 recommending dismissal of nearly all claims in amended complaint, further recommending denial of preliminary injunctive relief in light of dismissal of most claims at screening stage and failure to demonstrate propriety of an "order from this Court requiring defendants to affirmatively correct constitutional

deficiencies yet to be proven."; Doc. 21 recommending denial and striking of second motion for temporary restraining order/preliminary injunction on same grounds, and further recommending denial of continued attempts to supplement complaint); Doc. 33 (Order adopting R&Rs filed at Docs. 11, 21); Doc. 36 (adopting R&R denying additional motions for preliminary injunctive relief and additional motion to supplement complaint); Docs. 38 and 51 (denying duplicative additional motions to "repeatedly supplement his complaint to add new allegations" and additional request for preliminary injunction).

On September 8, 2016, Plaintiff filed the first of four pending motions in this case, all of which seek preliminary injunctive relief. In his first motion, he alleges that he faces a threat of becoming a "sex slave" and seeks to be transferred into protective custody or to another institution in reduced custody. (Doc. 6). Plaintiff's requests for preliminary injunctive relief in this case should be denied for all of the reasons stated in the Court's prior rulings denying similar requests for injunctive relief. As in those cases, the undersigned has recommended the dismissal of most of Plaintiff's claims in the above-captioned case as unworthy to require a response from the named Defendants, under initial screening standards of 28 U.S.C. § 1915. Plaintiff's current motions for preliminary injunctive relief do not satisfy the heavy burden required to demonstrate that immediate interference in prison administration is required to maintain the status quo. While Plaintiff's allegations are serious (and if true, horrifying), they are also largely conclusory, disjointed, and without the type of factual detail and/or other credible support that would support the dramatic remedy of immediate injunctive relief on wholly unproven allegations.

Plaintiff's second motion for preliminary injunctive relief, filed on November 10, 2016, simply repeats some of the allegations in his complaint. (Doc. 9). On December 16, 2016, Plaintiff filed a third motion seeking preliminary injunctive relief, this time alleging that unidentified SOCF officials will not assist Plaintiff with filing a Prison Rape Elimination Act ("PREA") complaint and/or with conducting an interview of Plaintiff's alleged PREA claim. It is unclear whether this third motion for injunctive relief (concerning PREA allegations) concerns any claim in this lawsuit. However, Plaintiff also includes a third request for an order directing prison officials to place him into protective custody, while adding a request for an order directing officials to provide him with medical care for a "fresh wound on wrist." (Doc. 12 at 5-6). Plaintiff's second and third motions for preliminary injunctive relief should be denied for the reasons previously stated.

On December 27, 2016, Plaintiff filed a fourth motion seeking "to place addendum to all above listed cases" This latest motion, filed as an identical motion in <u>all three</u> of Plaintiff's pending cases, alleges that Plaintiff is at risk of physical harm "due to dog training practices" which includes being "maced continuously and assaulted continuously." Plaintiff alleges that his current treatment is part of a pattern and practice of mistreatment over the past 7 years, which has resulted in Plaintiff suffering from "learned helplessness." Plaintiff alleges that unspecified prison officials (presumed to include one or more Defendants in his pending cases) are "trying to cause me to kill myself through learned helplessness" and through "continual" assaults by staff and/or other inmates. (Doc. 14). Plaintiff repeats his prior requests for protective custody or transfer to another institution, and/or to provide him unspecified medical care at outside

9

institutions. Plaintiff's fourth motion consists of 30 pages of very rambling and disjointed accusations. It is virtually impossible for the undersigned to decipher all of the allegations, but some appear designed to add new claims and/or defendants. In addition to failing to demonstrate the factors required to prove the necessity of preliminary injunctive relief, this fourth motion should be denied to the extent Plaintiff improperly seeks to add new claims, after already having been permitted one amendment of his complaint, and prior to any Defendant filing a response or Answer in this case.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's three motions for preliminary injunctive relief (Docs. 6, 9, 12) should be DENIED, with his "motion to amend/correct" (Doc. 14) to be construed as a fourth motion for preliminary injunctive relief and also be DENIED. In addition, to the extent the latter motion improperly seeks to further amend Plaintiff's complaint in this case and to bring identical claims in all three pending cases (Doc. 14), the motion to amend should also be **DENIED**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GERALD THOMPSON,

    Plaintiff,

    v.

WARDEN ERDOS, et al.,

    Defendants.

Case No. 1:16-cv-812

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).