## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| GERALD THOMPSON,<br>    Plaintiff/Appellant, | Case No. 1:16-cv-812 |
| vs. | Dlott, J.<br>Bowman, M.J. |
| WARDEN ERDOS, et al.,<br>    Defendants/Appellees. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff/appellant is an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio. On September 21, 2018, the undersigned issued a Report and Recommendation that the defendants/appellants' motion for summary judgment be granted. (Doc. 59). The Report and Recommendation remains pending before the Court. After filing objections, plaintiff/appellant has filed two notices of appeal. (Doc. 62, 63). However, plaintiff/appellant has failed to submit the $505.00 filing fee or a motion to proceed *in forma pauperis* on appeal. The Court will not enter a deficiency order in this regard, however, because there is no final judgment in this matter from which to file an appeal to the Sixth Circuit Court of Appeals, plaintiff's appeal is premature. *See Sassower v. Mead Data Cent., Inc.*, Nos. 92-3107, 92-3108, 1992 WL 34403, at *1 (6th Cir. Feb. 24, 1992) (citing *Ambrose v. Welch*, 729 F.2d 1084, 1085 (6th Cir. 1984)); *see also Haney v. Addison*, 175 F.3d 1217, 1219 (10th Cir. 1999). For this reason, the Court certifies that any *in forma pauperis* appeal from the Report and Recommendation would be frivolous and not taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

Furthermore, under the "three strikes" provision set forth in 28 U.S.C. § 1915(g), plaintiff/appellant is prohibited from obtaining pauper status on appeal in this civil action. *See*

28 U.S.C. § 1915(g).[1] Nor has Plaintiff/appellant alleged particular facts showing any immediate or impending serious physical injury in existence at the time he filed his notices-of-appeal. Plaintiff/appellant therefore does not qualify for the exception to the "three strikes" provision in § 1915(g) for prisoners who are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (finding that the prisoner appellant was not entitled to pauper status on appeal where he failed to establish that he faced imminent danger of serious physical injury at the time the appeal was filed). Allegations of past harms are insufficient to meet the exception. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) (en banc).

It is therefore **RECOMMENDED** that (1) the Court certify that any *in forma pauperis* appeal from the Report and Recommendation would be frivolous and not taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3) and (2) deny plaintiff/appellant leave to proceed *in forma pauperis* on the ground that he is prohibited under the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

**IT IS SO RECOMMENDED.**

      *s/ Stephanie K. Bowman*
      Stephanie K. Bowman
      United States Magistrate Judge

---

[1] Plaintiff/appellant's complaints in the following three cases have been dismissed for failure to state a claim upon which relief may be granted: *See Thompson v. Bennett*, Case No. 2:17-cv-461 (S.D. Ohio Nov. 3, 2017) (Smith, J.; Deavers, M.J.) (Doc. 44); *Thompson v. Erdos*, Case No. 1:16-cv-770 (S.D. Ohio Jan. 3, 2017) (Black, J.; Litkovitz, M.J.) (Doc. 19); *Thompson v. Koch*, Case No. 1:15-cv-1746 (N.D. Ohio Oct. 20, 2015) (Gwin, J.) (Doc. 3).

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| GERALD THOMPSON,<br>　　　Plaintiff/Appellant, | Case No. 1:16-cv-812 |
| vs. | Dlott, J.<br>Bowman, M.J. |
| WARDEN ERDOS, et al.,<br>　　　Defendants/Appellees. | |

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).